NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 06-CV-223-DLB

RICHARD ALLEN WASHAM                                                               PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

JOEY STATON                                                                        RESPONDENT

\*\* \*\* \*\* \*\* \*\*

Richard Allen Washam ("Washam") is a prisoner incarcerated at the Grayson County Jail in Leitchfield, Kentucky, and has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Washam is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.   **BACKGROUND**

On January 29, 2004, Washam pled guilty to the June 3, 2003 armed robbery of a PNC Bank in Florence, Kentucky, in violation of 18 U.S.C. §2113(a),(d), and to brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §924(c). On May 10, 2004,

Washam was sentenced to a 117-month term of incarceration to be followed by a 5-year term of supervised release for those crimes. *United States v. Richard Allen Washam*, 03-CR-35-DLB, Eastern District of Kentucky [Record Nos. 27, 32, 34 therein].

On June 8, 2004, Washam was delivered to the custody of the U.S. Marshal pursuant to an arrest warrant issued by the Western District of Kentucky. Washam was charged with armed robbery of the US Bank in Bowling Green, Kentucky, on March 26, 2003, and of the same bank on April 24, 2003. Law enforcement authorities did not have a suspect for these crimes until Washam was arrested for the June 3, 2003 robbery in Florence using an identical *modus operandi*. After two years of pretrial proceedings and a four-day jury trial, on August 4, 2006, Washam was found guilty of two counts of armed bank robbery in violation of 18 U.S.C. §2113(a),(d) and to brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. §924(c). Washam filed a number of *pro se* post-trial motions, and after a *Faretta* hearing, the Court granted his motion to represent himself in those criminal proceedings. Washam has yet to be sentenced in that case and is currently housed in the Grayson County Detention Center in the legal custody of the United States Marshal. *United States v. Richard Allen Washam*, 03-CR-43-JLM, Western District of Kentucky [Record Nos. 16, 40, 73, 84, 86, 109, 129, 136, 187, 205 therein].

In his present petition, Washam asserts that his 2004 conviction in the Eastern District of Kentucky is void because his trial counsel was constitutionally ineffective, is barred under *Apprendi*, *Blakely*, and *Booker*, and because the criminal statutes under which he was convicted were not passed by both houses of Congress in a single session of the Eightieth Congress as assertedly required by the Presentment Clause, Article I, Section 7, Clause 2 of the Constitution of the United States.

2

## II.     DISCUSSION

The Court notes as a threshold matter that it possesses jurisdiction to consider Washam's habeas petition. The proper respondent in a habeas proceeding is the petitioner's "custodian," who is "the person who holds him in what is alleged to be unlawful custody." *Rasul v. Bush*, 542 U.S. 466, 478-79 (2004). Washam has named "Joey Staton" as the respondent in this proceeding, by which we assume he means Joey Stanton, the jailer of the Grayson County Detention Center in Leitchfield, Kentucky, within the Western District of Kentucky. Stanton may possess physical custody of Washam, but the petitioner's "custodian" for habeas purposes is "the person who holds him in what is alleged to be unlawful custody," in this case, the United States Marshall pursuant to his allegedly void conviction in the Eastern District of Kentucky. While Washam may be in physical custody of the Grayson County Detention Center, he is so only through a writ of habeas corpus *ad prosequendum*, and legal custody remains with the United States Marshal in the Eastern District of Kentucky until he is surrendered to the Bureau of Prisons pursuant to the judgment in 03-CR-35. *Cf. So v. Reno*, 251 F.Supp.2d 1112 (E.D.N.Y. 2003). Because Petitioner's custodian is subject to service of process within this jurisdiction, the Court possesses jurisdiction to consider Washam's petition.

Nonetheless, Washam's claims are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

3

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. While Washam does not expressly assert that his Section 2255 remedy is inadequate or ineffective to accomplish this, the Court liberally construes his petition, *Urbina*, 270 F.3d at 295, to invoke Section 2255's savings clause.

However, before Washam's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999), it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Washam's claims are not claims of "actual innocence" because, even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. His claims that his conviction is void or the product of constitutionally ineffective counsel are merely claims of jurisdictional, procedural, or technical error that could and should have been raised on direct appeal, and are thus not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Shehee v. Perez*, 2000 WL 571950 (6th Cir. 2000) (unpublished disposition) (Presentment Clause claim not cognizable in Section 2241 petition); *Goode v. United States*, 305

F.3d 378, 382 (6th Cir.2002) (*Apprendi* does not apply retroactively on postconviction review); *Humphress v. United States.*, 398 F.3d 855, 860-61 (6th Cir. 2005) (*Blakely* and *Booker* do not apply retroactively on postconviction review).

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner Richard Allen Washam's petition for a writ of habeas corpus is **DENIED**.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 3rd day of January, 2007.

Signed By:
David L. Bunning
United States District Judge